**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| KELLY S. COOLIDGE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO.  1:04-cv-1240-SEB-VSS |
| | ) |
| CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, | ) ) |
| | ) |
|   Defendant. | ) |

### ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ENTRIES

Pending before the Court are (1) the objection of Plaintiff Kelly Coolidge to the magistrate judge's entry denying her leave to file an oversized brief in response to the defendant's motion for summary judgment;  and (2) the objection of plaintiff's counsel, Richard Darst, to the magistrate judge's entry recommending the imposition of sanctions against him.  The Court, being duly advised, **OVERRULES** both objections for the reasons set forth below.

### Denial of Leave to File Oversized Brief

This is a routine employment discrimination case of the sort filed with and resolved by this court on a regular basis.  Coolidge worked for the defendant as a forensic scientist.  She alleges that she was subjected to a single incident of sexual harassment via a pornographic videotape in August 2003 and then was retaliated against for complaining about that incident and other sexual harassment about which she had successfully sued in an earlier case.  Similarly straightforward are the discrete, relevant acts of alleged retaliation:  she and a coworker who had supported her earlier claims were passed over for a promotion; she was reprimanded for having her attorney

make a copy of the pornographic videotape; she was reprimanded for making a mistake in processing a case; she was reprimanded for giving a copy of a lab note to her attorney for use in her case; and she was terminated from her employment based upon these reprimands.

Notwithstanding the straightforward, non-complex nature of her case, Coolidge's attorney sought leave to file an 81-page brief in opposition to the defendant's motion for summary judgment. Magistrate Judge V. Sue Shields denied the motion; Coolidge objects to that denial, arguing that the 35 pages permitted by Local Rule 7.1(b) were simply not sufficient for her to adequately respond to the defendant's motion. While Coolidge does not acknowledge the controlling legal standard in her objection, we note that the applicable standard for our review of this non-dispositive ruling by the Magistrate Judge is whether it was "clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a). We hold, without any difficulty, that it was neither. Local Rule 7.1(b) provides that "[p]ermission to file briefs in excess of [the normal] page limitations will be granted only upon motion supported by extraordinary and compelling reasons." Coolidge also failed to acknowledge this standard in her motion for leave to exceed the normal page limit and, as alluded to above, there is nothing factually or legally extraordinary about this case and thus no compelling reason why Coolidge needed more than 35 pages for her response brief.

Perhaps recognizing that fact, Coolidge's counsel has focused on what he apparently perceives as deficiencies in the summary judgment practice generally in this

court, arguing that "as long as the Court allows moving parties to ask for paper trials,[1] the non-moving party must be allowed to present the evidence, and cite and discuss the evidence." The problem is that Coolidge's idea of presenting and discussing "the evidence" involves excessively and unnecessarily long narratives that include many immaterial facts, redundancies, and often impertinent comments about those facts. Effective lawyering includes identifying those facts that are truly material to one's case and resisting the temptation to throw everything at the court to see what sticks. The court will not "scour the record" in search of the relevant facts; neither does the court have the time or resources to weed through protracted statements of facts in search of those "needles in the haystack" that are actually relevant to the issues at hand. This explains the basis for our local rules' imposition of page limits for briefs, which are to be exceeded only with court permission and in extraordinary and compelling circumstances.

Magistrate Judge Shields would not have been doing anyone–Coolidge, the defendant, or the court–any favors had she granted Coolidge leave to file an excessively

---

[1] The "paper trial" language which Coolidge so frequently invokes–she uses it five times in her 9-page brief in support of her objection–refers to the fact that a court may not resolve factual disputes when considering summary judgment motions; in other words, if there are material disputes in the evidence, the court may not decide whom it believes, but must take the non-moving party's evidence as true. This does not mean that it is inappropriate to require a party to demonstrate that she has admissible evidence that, if believed, will prove her case; in fact, this is precisely what Federal Rule of Civil Procedure 56 requires. Coolidge's counsel's view of the proper use of summary judgment motions is more akin to a motion to dismiss under Rule 12(b)(6), which requires the court to assume that the plaintiff will have the necessary evidence at trial and determine only whether she has stated a claim as a matter of law. When faced with a motion for summary judgment, a plaintiff must do more; she must present "definite, competent evidence" to support her case. *Ritchie v. Glidden Co.*, 242 F.3d 713, 724. We repeat these principles here, though they are far from novel, in an attempt to re-program the arguments of the plaintiff.

3

long brief in this case.  Coolidge's objection to her ruling is therefore overruled.

## Sanctions

In her order denying Coolidge's motion for leave, Magistrate Judge Shields ordered Coolidge to file a brief that "complies with the local rules of this court in all respects by **10:00 a.m. on March 20, 2006.**" Entry Dated March 14, 2006 (footnote omitted) (emphasis in original).  This order came as the culmination of several prior derelictions by plaintiff's counsel in getting her response brief filed.[2]  Surely recognizing that he was on a short leash at this point, Coolidge's brief was nonetheless not filed by Mr. Darst until 5:17 p.m. on March 20th, and no leave to extend the 10:00 a.m. deadline had been sought.  Mr. Darst virtually invited sanctions against him when he failed to meet the deadline that was set just six days earlier, and Magistrate Judge Shields obliged him by entering an order recommending that the Court impose sanctions in the amount of $700.00, computed on the basis of approximately $100 for each hour the filing was late.

In his objection to the sanctions recommendation, Mr. Darst states that he intended no disrespect by the late filing of his shortened brief, further explaining that he simply forgot about the 10:00 a.m. deadline (allegedly he remembered only that his shortened brief was due on March 20th).  The reasons he gives for his memory lapse are

---

[2]As Magistrate Judge Shields noted in her entry, the defendant's motion for summary judgment was filed on August 29, 2005.  On September 28, 2005, Mr. Darst sought and was granted a 30-day extension due to other "litigation matters" in which he was involved.  Thirty days later, an almost identical motion was filed and granted.  Thirty days after that, a third extension was requested and granted.  These extensions required the vacating of the trial date.  Mr. Darst's fourth, fifth, and sixth requests for extension also were granted.  In granting the sixth extension, establishing a March 13, 2006, deadline, Magistrate Judge Shields admonished that no further extensions would be granted.

(1) that he has suffered an illness over the past couple of months; and (2) that he was busy preparing his appeal of the entry denying leave to file his 81-page brief.  We're not entirely persuaded by Mr. Darst's defense that he did not engage in an intentional act of defiance in view of the clarity and specificity of the Magistrate Judge's order and the procedural events leading up to that setting; his failure properly to calendar the deadline established by Magistrate Judge Shields so that he would remember and comply with it certainly evidences in its own right a lack of respect for that court-imposed deadline, and, by extension, for the court.

Mr. Darst also argues that he was not actually required to comply with the Magistrate Judge's order to file his shortened brief at all, but rather was only required to file a timely appeal of that order (which, pursuant to Federal Rule of Civil Procedure 6, was not due on March 24th, as Mr. Darst believes, but on March 28th).  This argument is patently disingenuous.  A party's intent to appeal a ruling does not automatically remove the obligation to comply with it.  Prior to the expiration of the magistrate judge's deadline, Mr. Darst was free to seek a stay of the deadline pending the resolution of his objection; he was not free simply to ignore or flaunt (or forget about) the deadline.

Finally, Mr. Darst points out that he does not lack respect for Magistrate Judge Shields, pointing to a letter of gratitude for her public service that he sent to her prior to her entry recommending sanctions.  However, the issue here does not pertain to Mr. Darst's personal feelings regarding Magistrate Judge Shields, or hers for him, for that matter.  Rather, the issue concerns the absolute necessity of members of the bar complying with direct and unequivocal orders of the court.  In this instance, Mr. Darst failed to do so, in a frustratingly obdurate fashion, and the Court thus concurs with

5

Magistrate Judge Shields's determination that the entry of sanctions in the amount of $700.00 is an appropriate response by the Court to that failure.

## CONCLUSION

For the reasons set forth above, Coolidge's objection to the magistrate judge's entry denying her leave to file a response brief in excess of 35 pages is **OVERRULED**. Mr. Darst's objection to the magistrate judge's entry recommending sanctions also is **OVERRULED**. Mr. Darst shall pay sanctions to the Clerk of the Court in the amount of $700.00 **within 30 days of the date of this Order**.

SO ORDERED:  04/20/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robin C. Clay
OFFICE OF CORPORATION COUNSEL
rclay@indygov.org

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Allison Wells Gritton
OFFICE OF CORPORATION COUNSEL
agritton@indygov.org